THE MEYER BROS. DRUG COMPANY v. CHARLES A. MALM.

1. ATTACHMENT — *Dissolution* — *Affidavits as Evidence* — *Notice.* The defendant in an attachment action moved to dissolve the attachment because the grounds laid for the same were untrue, and at the same time made and filed an affidavit alleging that the grounds were untrue, but he did not state in his notice to plaintiff that affidavits would be used on the hearing of the motion. At the time set for the hearing plaintiff asked and obtained a continuance of the hearing to enable him to procure evidence to resist the motion and affidavit of defendant. At the final hearing the affidavit mentioned was admitted in evidence over the objection of plaintiff. *Held*, That the defendant's failure to state in his notice that affidavits would be used on the hearing did not render the reception of the affidavit prejudicial error.

2. —————— *Removal of Cause.* A plaintiff who institutes an action in the state court cannot remove the same to the United States circuit court on account of prejudice or local influence.

*Error from Harvey District Court.*

ACTION by the *Meyer Bros. Drug Company* against *Charles A. Malm* on promissory notes. Pending a motion by defendant to dissolve an attachment therein, plaintiff applied for a removal of the cause to the United States circuit court. Motion to dissolve the attachment sustained, and the application for removal denied. Plaintiff brings error.

*Brown & Kline,* for plaintiff in error.

*A. L. Greene,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by Meyer Bros. Drug Company to recover from Charles A. Malm $1,683.90 upon several promissory notes and an account, all of which were for goods sold by the plaintiff to the defendant. At the commencement of the action the plaintiff procured an attachment to issue, which was levied upon real estate and a stock of merchandise belonging to the defendant. The action was

begun and the attachment was issued and served on June 17, 1889. On June 22 of the same year, the defendant moved to discharge the attachment, for the reason that the grounds laid in the affidavit therefor were untrue, and at the same time filed an affidavit denying the grounds laid for the attachment, and stating that each and every allegation therein was untrue and false. On June 26, 1889, the cause came on to be heard upon the motion to dissolve the attachment, when both parties appeared by their attorneys; when the plaintiff asked for a continuance of the hearing in order to procure evidence to be used upon the hearing of the motion. The application was granted, and the cause continued until July 9, 1889. On June 27, 1889, the plaintiff filed a petition for the removal of the case to the United States circuit court, reciting that the amount in dispute, exclusive of costs, exceeded $500, and that the plaintiff was a citizen of a state other than Kansas, and had reason to and did believe that from prejudice and local influence it was unable to obtain justice in the state court. A bond sufficient in form and amount was tendered, which was approved by the judge. On July 9, a hearing was had on the application for removal to the federal court, as well as the motion to discharge the attachment. The application for removal was denied, upon the ground that the case was not removable; and the motion to discharge the attachment was sustained.

Error is assigned on the reception by the court of the affidavit made by plaintiff denying the grounds laid for attachment, because the notice to dissolve failed to state that affidavits would be used upon the hearing. The plaintiff was entitled to notice that the affidavit was to be used when the motion was heard. (Civil Code, § 534.) It cannot be said, however, that the plaintiff was without notice. The affidavit was made and filed in the court four days before the time set for the first hearing, and 17 days prior to the final hearing of the same. At the first hearing plaintiff had evidently become aware of the filing of defendant's affidavit, and it asked a continuance in order to obtain evidence with which to resist defendant's affidavit and motion. When the hearing occurred,

no other proof was offered than the affidavit which has been referred to. Under these circumstances, the omission and failure of the defendant to specify in his notice that an affidavit would be used could not have prejudiced the plaintiff.

Complaint is also made of the ruling of the district court denying the application to remove the cause to the federal court. Although the plaintiff is a non-resident of the state, it chose its forum and must remain there. Only those who occupy the position of defendants can exercise the right of removal on account of local influence or prejudice, as the law now stands. The cause was not removable at the instance of the plaintiff on the ground stated, and if it had been the affidavit must have been held to be insufficient. (25 U. S. Stat. at Large, 435; *In re Penn. Co.*, 137 U. S. 457; *Walcott v. Watson*, 46 Fed. Rep. 529; Foster's Fed. Pr., § 383.)

The judgment of the district court will be affirmed.

All the Justices concurring.